IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITNEY CASSANDRA TUCKER,

    Plaintiff,

vs.                                                                                 1:21-cv-00735-LF-JHR

WELLS FARGO BANK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint. Doc. 12. Plaintiff Britney Cassandra Tucker filed a response opposing the motion, Doc. 14, and Wells Fargo filed a reply, Doc. 15. Wells Fargo asks the Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 12. Having considered the parties' submissions and the relevant law, the Court finds the motion well taken and will GRANT it.

**I.**     **Factual Background**

    In ruling on a motion for to dismiss under FED. R. CIV. P. 12(b)(6), the Court must accept as true all facts alleged in the complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). It also must view these factual allegations in the light most favorable to the plaintiff. *See id.* Viewing the facts alleged in the complaint in this manner, the relevant facts are as follows:

    Ms. Tucker worked at Wells Fargo Bank as a teller since 2014. Doc. 1-1 at 12. Ms. Tucker suffers from post-traumatic stress disorder. *Id*. at 4. On January 30, 2020, she was

approved for leave under the Family and Medical Leave Act ("FMLA") due to her disability. *Id*. at 12. She was scheduled to return from her leave of absence on April 30, 2020. *Id*. at 17.

On April 30, 2020, Ms. Tucker contacted Wells Fargo human resources because her "doctor released [her] to be able to work[,] however the added situation of COVID-19 prompted the need for accommodations." *Id*. at 25. Ms. Tucker was "struggling with returning to work due to the Covid-19 pandemic and [her] disability." *Id*. at 5. Human resources advised Ms. Tucker that her "branch manager Barbara Gonzales had the capacity to allow [her] to use the time tracker code for COVID due to [her] disability and [her] primary caregiving responsibilities to a disabled mother, grandmother with dementia and two young boys." *Id*. at 17.

Immediately after speaking to human resources, Ms. Tucker contacted her supervisor, Ms. Gonzales, to request accommodations. *Id*. at 25. Ms. Tucker asked Ms. Gonzales if she could use the "Covid code" or if there were other accommodations available to her to help her retain employment. *Id*. Ms. Gonzales denied her request for accommodation and told her, "Well[,] I guess you will have to resign." *Id*. at 12, 25. Ms. Tucker asked what she needed to do next, and Ms. Gonzales advised her to email her resignation "because it needed to be in writing." *Id*. at 25. Ms. Gonzales "did not try to accommodate" Ms. Tucker and "did not try to work out a plan" to help her retain employment. *Id*. at 17.

## II. The Complaint

In her complaint, Ms. Tucker alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117. *Id*. at 3. She alleges two claims: failure to accommodate her disability and retaliation. *Id*. at 4. Ms. Tucker's complaint contains only one paragraph of facts to support her claims. *Id*. at 5. Additional facts are contained in the exhibits Ms. Tucker attached to the complaint: her right to sue letter from the Equal Employment

2

Opportunity Commission ("EEOC"); her charge of discrimination filed with the EEOC; Wells Fargo's position statement filed with the EEOC and Ms. Tucker's response; and a state court order awarding her unemployment benefits. *Id*. at 7–26.

### III. Discussion

#### A. Standard of Review

"To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir .2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id*. (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id*. (citation omitted).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc*., 708 F.3d 1141, 1146 (10th Cir. 2013). "A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (same); *see also* FED. R. CIV. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").[1] In determining whether to grant the motion, the Court must

---

[1] Under the Local Rules, "[e]xhibits are not attached to a pleading unless the documents attached form the basis for the action or defense." D.N.M.LR-Civ. 10.4. However, this rule may be "waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7. Because plaintiff is proceeding pro se, in the interests of justice, and for the purposes of this motion only, the Court hereby waives Local Rule 10.4.

accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007). Dismissal is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. *Emps.' Ret. Sys. Of R.I. v. Williams Cos.*, 889 F.3d 1153, 1162–63 (10th Cir. 2018) (claims properly dismissed under Rule 12(b)(6) because plaintiff failed to allege required elements of duty, materiality, and scienter as required by Private Securities Litigation Reform Act).

Plaintiff is proceeding pro se. In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). Nonetheless, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for a pro se plaintiff or to supply factual allegations to support the plaintiff's claims. *Hall,* 935 F.2d at 1110. Nor may the Court assume the role of advocate for pro se litigants. *Id*.

1. *Failure to Accommodate Claim*

To state a claim for failure to accommodate under the ADA, a plaintiff must allege facts that show: "(1) "[s]he is disabled"; (2) "[s]he is otherwise qualified"; and (3) "[s]he requested a plausibly reasonable accommodation." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204 (10th Cir. 2018) (internal quotation, alteration, and citation omitted). The parties disagree as to whether Ms. Tucker set forth adequate factual allegations necessary to show the third element—whether she requested a "plausibly reasonable accommodation."[2] For the reasons explained below, the Court finds Ms. Tucker failed to allege enough facts to show she requested a "plausibly reasonable accommodation."

In her response, Ms. Tucker points to two statements in the exhibits attached to her complaint to show that she requested a reasonable accommodation. First, she cites her EEOC claim (Exhibit B to her complaint):

> I have been out of work on short term disability starting February 6, 2020. My FMLA was up April 30, 2020 however with COVID requested accommodations first through Wells Fargo Human Resources who informed me that my branch manager Barbara Gonzales had the capacity to allow me to use the time tracker code for COVID due to my disability and my primary caregiving responsibilities to a disabled mother, grandmother with dementia and two young boys. Barbara did not try to accommodate me at all because she did not try to work out a plan to help me retain employment. I requested accommodations that should be available to me as other employees have been able to be accom[mo]dated with no undue hardship on the part of Wells Fargo.

Doc. 14 at 2 (citing Doc. 1-1 at 17). Next, she cites her response to Wells Fargo's position statement filed with the EEOC (Exhibit E to her complaint):

---

[2] Because Wells Fargo does not challenge the first two elements of Ms. Tucker's claim for failure to accommodate under the ADA, the Court does not analyze these elements. However, if Ms. Tucker files an amended complaint, she should keep in mind that she must allege sufficient facts to show each of the three elements of her claim: "(1) "[s]he is disabled"; (2) "[s]he is otherwise qualified"; and (3) "[s]he requested a plausibly reasonable accommodation." *Lincoln*, 900 F.3d at 1204.

5

> On April 30th 2020, I contacted HR again to discuss my options going forward as my doctor released me to be able to work however the added situation of COVID-19 prompted the need for accommodations.  I was told by HR that my situation would qualify to be able to use the COVID code on our time tracker to be able to have additional paid time away because of my disability and the disability of my immediate family.  Immediately after speaking to HR I contacted Barbara Gonzales to request accomm[o]dations.  I stated to Barbara that I was in need of help to be able to retain employment and asked if I could possibly use the COVID code or if there were any other accomm[o]dation[s] available to me.  She replied, "Well[,] I guess you will have to resign."  In response I asked what I needed to do next and she said to send my resignation in an email because it needed to be in writing.

*Id*. (citing Doc. 1-1 at 25).

Wells Fargo argues that Ms. Tucker's complaint and exhibits do not plausibly show that she requested a "plausibly reasonable accommodation." Doc. 15 at 2–4.  Wells Fargo argues that to be a "reasonable accommodation[,]" the accommodation must "presently, or in the near future, enable the employee to perform the essential functions of his job." *Id*. at 2 (quoting *Lincoln*, 900 F.3d at 1205).  Wells Fargo argues that Ms. Tucker's only request for accommodation was additional "additional paid time away because of [her] disability and the disability of [her] immediate family." *Id*. at 3.[3]  Wells Fargo asserts that requesting additional paid time away "is not reasonable on its face" because it would not enable Ms. Tucker to perform "the essential function[s]" of her job. *Id*. at 4 (citing *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1267 (10th Cir. 2015)).

Paid time away from work sometimes can be a reasonable accommodation.  "It is well-settled that a request for leave may lead to a 'reasonable' accommodation—such a request may allow an employee sufficient time to recover from an injury or illness such that the employee can

---

[3] Wells Fargo correctly points out that it "is not required to accommodate Plaintiff under the ADA for her family's alleged disability." Doc. 15 at 4 (citing 42 U.S.C. § 12102(1)(A) (The ADA protects from discrimination against an individual who has "a physical or mental impairment that substantially limits one or more major life activities of such individual.")).

6

perform the essential functions of the job (i.e., attend work) in the future." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1051 (10th Cir. 2017).  On the other hand, "employers are not obligated to retain a disabled employee on . . . leave indefinitely or for an excessive amount of time." *Boykin v. ATC/VanCom of Colorado, L.P.*, 247 F.3d 1061, 1065 (10th Cir. 2001); *see also Punt*, 862 F.3d at 1051 ("Without an expected duration of an impairment, an employer cannot determine whether an employee will be able to perform the essential functions of the job in the near future and therefore whether the leave request is a 'reasonable' accommodation.").  Wells Fargo argues that Ms. Tucker asked for an indefinite, or "unspecified duration" of paid time away, and that her proposed reasonable accommodation therefore is "not reasonable on its face."  Doc. 15 at 4.  Ms. Tucker's complaint, however, does not contain enough facts to ascertain either the exact nature of her proposed accommodation, or the duration of her proposed "paid time away."  Ms. Tucker does not adequately explain in her complaint what using "the time tracker code for COVID" means.  *See* Doc. 1-1 at 17.  The complaint does not allege enough facts to show that she requested a "plausibly reasonable accommodation."  The Court, therefore, will grant Wells Fargo's motion to dismiss her failure to accommodate claim.  Ms. Tucker, however, may be able to remedy this shortcoming by filing an amended complaint containing more facts about her proposed reasonable accommodation, including the duration of her proposed time off.

      Finally, Wells Fargo argues that Ms. Tucker's accommodation request was not reasonable on its face because her "doctor released [her] to be able to work without any accommodations."  Doc. 15 at 4.  It is not clear from the complaint whether this is true.  Ms. Tucker stated the following:  "On April 30th[,] 2020, I contacted HR again to discuss my options going forward as my doctor released me to be able to work however the added situation of COVID-19 prompted the need for accommodations."  Doc. 1-1 at 25 (Exhibit E).  It is not clear

from this statement if Ms. Tucker's doctor stated that she needed accommodations due to Covid-19, or if Ms. Tucker's doctor cleared her to work without any accommodations at all, and Ms. Tucker herself requested accommodations. Ms. Tucker should clarify these facts in her amended complaint.

        2. *Retaliation Claim*

The ADA provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter." 42 U.S.C. § 12203(b). To state a claim for retaliation under the ADA, a plaintiff must allege facts that show: (1) that she engaged in an activity protected by the statute; (2) that she was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) that there was a causal connection between the protected activity and the adverse action. *Selenke v. Med. Imaging of Colorado,* 248 F.3d 1249, 1264 (10th Cir. 2001) (internal citation omitted).

Wells Fargo argues that Ms. Tucker fails to allege sufficient facts to show the second and third elements of a retaliation claim.[4] Doc. 15 at 5 (asserting that Ms. Tucker's complaint and exhibits "neither pleads nor establishes facts sufficient to support either a materially adverse employment action or a causal connection between that materially adverse action and a protected activity"). The Court agrees. Ms. Tucker's response offers no explanation of how she states a plausible claim for retaliation. *See* Doc. 14. Given the paucity of facts Ms. Tucker included in

---

[4] Because Wells Fargo does not challenge the first element of Ms. Tucker's claim for retaliation, the Court does not analyze this element. However, if Ms. Tucker files an amended complaint, she should keep in mind that she must allege sufficient facts to show each of the three elements of her claim: (1) that she engaged in an activity protected by the statute; (2) that she was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) that there was a causal connection between the protected activity and the adverse action. *Selenke,* 248 F.3d at 1264.

the complaint, and the ambiguity of the facts in the exhibits, the Court finds she has failed to allege sufficient facts to support a retaliation claim.

Ms. Tucker's complaint alleges only that "Barbara Gonzales, branch manager, ignored my request [for accommodation] and told me I had to resign." Doc. 1-1 at 5. On her charge of discrimination filed with the EEOC, Ms. Tucker stated that she "returned to work on April 30, 2020, and requested an accommodation from my Manager, but she denied my request and failed to provide any option for me to continue my employment. I was informed to resign by my Manager. On April 30, 2020, I was forced to resign in retaliation." *Id*. at 12 (Exhibit B). She also stated that "I believe that because I went out on disability[,] my manager was upset I requested more time off because in the past I would be the only employee that Barbara retaliates against . . . " *Id*. at 18. Finally, Ms. Tucker's response to Well's Fargo's position statement with the EEOC indicates that on April 30, 2020,

> "I stated to Barbara that I was in need of help to be able to retain employment and asked if I could possibly use the COVID code or if there were any other accomm[o]dation[s] available to me. She replied, "Well[,] I guess you will have to resign." In response I asked what I needed to do next and she said to send my resignation in an email because it needed to be in writing.

*Id.* at 25.

Based on these statements, it is unclear to the Court what, if any, adverse employment action forms the basis of Ms. Tucker's retaliation claim. Ms. Tucker may be alleging that the adverse employment action was that she was constructively discharged.[5] Alternatively, Ms.

---

[5] "A resignation will be involuntary and coerced when the totality of the circumstances indicate[s] the employee did not have the opportunity to make a free choice. Constructive discharge occurs when a reasonable person in the employee's position would view the working conditions as intolerable. That is to say the working conditions, when viewed objectively, must be so difficult that a reasonable person would feel compelled to resign. A plaintiff's subjective views of the situation are irrelevant. Essentially, a plaintiff must show that she had no other choice but to quit." *Yearous v. Niobrara Cty. Mem'l Hosp. By & Through Bd. of Trustees*, 128 F.3d 1351, 1356 (10th Cir. 1997) (internal quotations, citations, and alterations omitted).

9

Tucker may be alleging that the adverse employment action was Wells Fargo's failure to grant her an accommodation, and that this failure forced her to voluntarily resign. Because the contours of Ms. Tucker's claim for retaliation are not clear, Ms. Tucker fails to "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians*, 478 F.3d at 1160. The Court therefore will grant Wells Fargo's motion to dismiss Ms. Tucker's claim for retaliation.

IV.    **Conclusion**

Ms. Tucker's complaint does not contain enough facts "to state a claim to relief that is plausible on its face." *Kan. Penn Gaming, LLC*, 656 F.3d at 1214 (internal citation and quotation omitted). Ms. Tucker failed to allege enough facts to state either a claim for failure to accommodate under the ADA or a claim for retaliation under the ADA. The Court therefore GRANTS Wells Fargo's motion to dismiss and dismisses Ms. Tucker's complaint.

Wells Fargo asks the Court to dismiss Ms. Tucker's complaint with prejudice. Doc. 12 at 6. In her response, Ms. Tucker asks for an opportunity to amend her complaint. Doc. 14 at 4. Leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation and quotation omitted). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine*, 241 F.3d at 1275 (internal citation and quotation omitted). Because Ms. Tucker may be able to state a claim for relief, the Court will dismiss Ms. Tucker's complaint without prejudice and grant her leave to file an amended complaint.

Ms. Tucker may file an amended complaint within 30 days of the date of this order. Ms. Tucker's amended complaint must address the issues noted in this order. In addition, Ms. Tucker's amended complaint must allege enough facts to support each element of both her claims.

IT IS SO ORDERED.

*[signature]*
Laura Fashing
United States Magistrate Judge
Presiding by Consent